**ESTATE OF Douglas L. MANSHIP, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 1:06–CV–02714–JTC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 20, 2006.

Frank M. Dale, Jr., U.S. Department of Justice, Washington, DC, for Defendant.

### *ORDER*

CAMP, District Judge.

This matter is currently before the Court on third party Williamette Management Associates' motion for entry of protective order [# 3] pursuant to Federal Rule of Civil Procedure 26(c). For the reasons below, the motion is **DENIED.**

### I. Background

In 2004, the estate of Douglas L. Manship commenced a civil suit against the United States for a refund of taxes. *See Estate of Manship, et al. v. United States*, No. 3:04–CV–91–RET–CN, 2004 WL 2622452 (M.D. La. filed Feb. 12, 2004). The case involves, among other things, the valuation for federal estate tax purposes of the stock of three closely-held corporations owned by the estate of Douglas L. Manship. *See generally Estate of Manship*, No. 3:04–CV–91–RETCN,

Complaint. The Plaintiffs designated Curtis Kimball of Williamette as one of their principal expert witnesses, and Kimball submitted an expert report as to each of the corporations. (*See* Def.'s Opp'n to Mot., Exhs. 1–A to 1–D.) When Kimball provided his expert report, he did not disclose the data and other information that he considered in forming his opinions. The Defendant obtained a subpoena duces tecum for Kimball, and Kimball partially complied with the subpoena. (*See* Williamette Mot., Exh. 3 at 53; Def.'s Opp'n to Mot., Exh. 3.) Williamette and Kimball refused, however, to disclose a "pre-IPO" study or database that was used to determine a marketability discount applied to the value of the corporation stock. (Williamette Mot., Exh. 1; Def.'s Opp'n to Mot., Exhs. 1–B, 4.)

On October 19, 2006, Williamette filed the motion for protective order at issue, specifically objecting "to the production of a certain 30–page Pre–IPO Stock Study Data Base (the 'pre-IPO study') which contains trade secrets, and proprietary non-public information that Williamette generally treats in a confidential manner." (Williamette Mot. at 2.) Williamette's proposed protective order proposes to protect the pre-IPO study as well as other unidentified documents and testimony and to enjoin anyone, including court reporters, from seeing or discussing the confidential information unless they first agree to be bound by the protective order. (*See generally* Williamette Mot., Exh. 2.)

### II. Discussion

The dispute in this case centers around the disclosure of the pre-IPO study. At the Court's request, Williamette provided the study for *in camera* review, and the Court has reviewed the study. Williamette argues that the study contains its "confidential and proprietary business information" as well as trade secrets. Williamette does not provide any details as to how or why its information is a trade secret or the efforts it takes to keep the information "confidential and proprietary." As Defendant points out, the results and methodology of the study have been published in a number of sources, and the raw data for the study was culled from

public information. (*See, e.g.,* Def.'s Opp'n to Mot., Exhs. 6, 7.) Defendant opposes the entry of Williamette's proposed protective order, arguing that the limitations of the order would prevent its experts from discussing the study with their peers and fully analyzing the study.

■ Rule 26(c) authorizes the Court "for good cause shown" to protect parties from "undue burden or expense" in discovery by ordering "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . ." Fed. R.Civ.P. 26(c)(7). The party moving for a protective order has the burden of demonstrating "good cause." *Williams v. Taser Int'l, Inc.,* No. 1:06–CV–0051, 2006 WL 1835437, at *1 (N.D. Ga. June 30, 2006) (Story, J.). In demonstrating good cause, the movant must "make a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Id.* (citations omitted); *see also United States v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 158 (D.Del.1999) (" 'Broad allegations of harm, unsubstantiated by specific examples,' do not support a showing for good cause.") (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986)).

■ Williamette has not met its burden of showing good cause. Williamette's argument is little more than conclusory statements that the study is a trade secret. Williamette does not provide any facts, much less specific facts, to support its motion. *See, e.g. Doe v. Dist. of Columbia,* 230 F.R.D. 47, 50 (D.D.C.

2005) (stating that to demonstrate good cause under Rule 26(c), "the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."). The fact that the results and methodology of the study are publicly known undermine Williamette's position. The Court's *in camera* review of the study did not reveal any non-public information.

Even if the review had revealed information arguably entitled to trade secret protection, it is not the Court's obligation to guess as to what it might be. That burden belongs to Williamette, and Williamette failed to direct the Court to the information or make any substantive argument to that effect in its motion. Williamette also failed to file a reply brief to address the issue, which Defendant explicitly raised in its response. Therefore, the Court **DENIES** Williamette's motion for a protective order and **DIRECTS** Williamette to produce the pre-IPO study to Defendant.

### III. Conclusion

Williamette's motion for protective order [# 3] is **DENIED.** The Court **DIRECTS** Williamette to produce the pre-IPO study to Defendant within five (5) days of this order.

**SO ORDERED.**